UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
L. TOOLASPRASHAD,

                Plaintiff,

      - against -

R. TOOLASPRASHAD,

                Defendant.
---------------------------------------------------------------X

**MEMORANDUM AND ORDER**
21-CV-4672 (RPK) (JRC)

RACHEL P. KOVNER, United States District Judge:

    *Pro se* plaintiff L. Toolasprashad filed this action against defendant R. Toolasprashad under the Americans with Disabilities Act ("ADA").[*] *See* Compl. at 1 (Dkt. #1). Plaintiff has filed an application to proceed *in forma pauperis* ("IFP"). *See* Mot. for IFP (Dkt. #5). Plaintiff's IFP application is granted. Because the complaint fails to establish that this Court has jurisdiction over plaintiff's lawsuit, the complaint is dismissed. Plaintiff may file an amended complaint within 30 days of the date of this order. Plaintiff's request to seal the complaint and attachments to the complaint, *see* Compl. at 1, is granted in part and denied in part.

## BACKGROUND

    The complaint alleges that plaintiff's veteran's benefits "are being deposited in defendant's account, which was plaintiff's decision," but that plaintiff now seeks to transfer the benefits from defendant to plaintiff. Compl. at 1-3. Plaintiff alleges that defendant is withholding plaintiff's benefits, and that plaintiff cannot pay his expenses with the amount he has received from defendant. *Id*. at 2. Plaintiff seeks to compel defendant to transfer any available Department of

---

[*] Plaintiff does not provide his full name or the full name of the defendant. Plaintiff's full name is also redacted on the exhibits attached to the complaint.

1

Veterans Affairs ("VA") funds to plaintiff and to enjoin defendant from contacting plaintiff. *Id.* at 3. Plaintiff alleges that the Court has jurisdiction under the ADA. *See id.* at 1.

Plaintiff attaches to the complaint a summary of benefits and a direct deposit enrollment form from the VA, *id.* at 5-6, as well as copies of his medical records, *id.* at 7-10. Plaintiff requests that the complaint and the attached exhibits be filed under seal "to protect medical records, identity information, banking information, and his physical safety." *Id*. at 1.

## DISCUSSION

### I. Plaintiff's complaint is dismissed for lack of subject-matter jurisdiction.

A federal court may *sua sponte* raise the question of whether it has subject matter jurisdiction over a case. *United Food & Comm. Workers Union v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). If the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A complaint filed by a *pro se* plaintiff must be "liberally construed, and . . . held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotations and citations omitted), but a *pro se* plaintiff must "still . . . establish[] that the court has subject matter jurisdiction over the action," *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005).

Plaintiff has failed to establish that this Court has jurisdiction to hear his case. Plaintiff invokes the Court's jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; *see* Compl. at 1 (stating that the Court has jurisdiction under the ADA, a federal statute). A case arises under federal law within the meaning of Section 1331 "if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial

2

question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) (citations omitted).  A federal court lacks jurisdiction over a federal claim that "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citations omitted).

Plaintiff has not established that plaintiff's claim seeking the transfer of his VA benefits arises under a federal law.  Federal law provides that when the Secretary finds "that the interest of the beneficiary would be served thereby," the Secretary may direct benefits to be paid "to a relative or some other fiduciary for the use and benefit of the beneficiary." 38 U.S.C. § 5502(a)(1); *see id.* § 5507 (setting forth procedures to obtain a fiduciary).  The Secretary's determinations of fact and law necessary to such decisions "shall be final and conclusive and may not be reviewed by any other official or by any court." *Id.* § 511(a).  Federal district courts therefore lack subject-matter jurisdiction to review veterans' benefits claims, including claims relating to the appointment of a fiduciary. *See Hassan v. U.S. Dep't of Veterans Affs.*, 137 F. App'x 418, 420 (2d Cir. 2005); *see also, e.g.*, *Odonoghue v. U.S. Dep't of the Navy*, No. 12-CV-5338(ENV), 2012 WL 5959979, at *2 (E.D.N.Y. Nov. 26, 2012) (dismissing VA benefits claim for lack of subject-matter jurisdiction); *Ramnarain v. U.S. Veterans Admin.*, No. 11-CV-4988(BMC), 2012 WL 1041664, at *2-3 (E.D.N.Y. Mar. 28, 2012) (dismissing claims against the VA and fiduciary for lack of subject-matter jurisdiction).

Plaintiff's bare allegation that his claim arises under the ADA does not create federal-question jurisdiction. *See* Compl. at 1.  "Mere invocation of the [ADA] . . . without an underlying federal law claim, cannot create federal subject matter jurisdiction." *McMillan v. Lisco Holdings L.L.C.*, No. 13-CV-4569(KBF), 2013 WL 5550332, at *2 (S.D.N.Y. Oct. 2, 2013) (citing *Anderson*

3

*v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989)). Plaintiff alleges no violation of the ADA and sets forth no facts other than those relating to defendant's withholding of plaintiff's veteran's benefits. *See* Compl. at 1-3. Federal courts "do not acquire jurisdiction to hear challenges to benefits determinations" when statutes are "used as a rhetorical cover to attack VA benefits determinations." *Sugrue v. Derwinski*, 26 F.3d 8, 11 (2d Cir. 1994); *see, e.g.*, *Hassan,*, 137 F. App'x at 420; *Majid v. DOVA Med. Ctr.*, No. 13-CV-2958(CBA), 2013 WL 3766559, at *2 (E.D.N.Y. July 11, 2013); *Noel v. Shinseki*, No. 12-CV-6035(SJF), 2013 WL 431829, at *3 (E.D.N.Y. Jan. 31, 2013); *Brown v. United States*, No. 10-CV-497A, 2011 WL 4439314, at *1 (W.D.N.Y. Sept. 23, 2011), *report and recommendation adopted*, No. 10-CV-497, 2011 WL 4809138 (W.D.N.Y. Oct. 11, 2011). Because plaintiff has not established a basis for federal jurisdiction, the complaint is dismissed.

   **II. Plaintiff may amend the complaint within 30 days.**

Plaintiff may file an amended complaint within 30 days of the date of this order to remedy the deficiencies described above. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009). Any amended complaint must set forth the basis for federal jurisdiction, identify each legal claim brought, and set forth a short, plain statement of the relevant facts supporting it.

   **III. Plaintiff's motion to seal the complaint and attached exhibits is granted as to his medical records and otherwise denied.**

Plaintiff moves to file his complaint under seal "to protect medical records, identity information, banking information, and his physical safety." Compl. at 1. "The public and the press have a 'qualified First Amendment right to . . . access certain judicial documents.'" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *Hartford Courant Co. v.*

*Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)).  These documents include complaints, *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016), and docket sheets, *Hartford Courant Co.*, 380 F.3d at 93.  Although judicial documents "may be kept under seal if . . . 'higher values' . . . so demand," *Lugosch*, 435 F.3d at 124, such restrictions require "specific, on the record findings" that "closure is essential to preserve higher values and is narrowly tailored to serve that interest," *id.* at 120 (quotations omitted); *see Smith v. New York Presbyterian Hosp.*, 254 F. App'x 68, 70 (2d Cir. 2007) (noting that "lawsuits are rarely litigated under seal" because "the law disfavors closed proceedings").

Plaintiff has not established a basis for sealing the entire complaint or the VA forms attached to the complaint.  Plaintiff's conclusory statement that the complaint must be sealed "to protect medical records, identity information, banking information, and his physical safety," Compl. at 1, does not establish that sealing the complaint in its entirety "is essential to preserve higher values and is narrowly tailored to serve that interest," *Lugosch*, 435 F.3d at 120.  Moreover, there is no apparent basis to seal the VA forms in full, because plaintiff filed only redacted versions of each form that omit his full name, social security number, and banking information.  *See* Compl. at 5-6.

Plaintiff's motion to seal his medical records, however, is granted.  "[C]ourts in this Circuit routinely seal medical records, without sealing the entire case, to protect the plaintiff's privacy interest in those records." *Anthony M. v. Wright*, No. 07-CV-6040(FPG), 2018 WL 5619832, at *2 (W.D.N.Y. Oct. 30, 2018); *see, e.g.*, *Dunham v. City of New York*, No. 11-CV-01223, 2021 WL 918373(ALC), at *1 n.1 (S.D.N.Y. Mar. 10, 2021); *Alston v. Sharpe*, No. 13-CV-1(CSH), 2015 WL 6395937, at *1 (D. Conn. Oct. 22, 2015); *Wheeler-Whichard v. Doe*, No. 10-CV-0358S, 2010 WL 3395288, at *7 (W.D.N.Y. Aug. 25, 2010).  Plaintiff's motion to seal the complaint is therefore

5

granted as to his medical records but denied as to the remainder of the complaint and attached exhibits.

## CONCLUSION

The complaint is dismissed without prejudice for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Plaintiff may file an amended complaint within 30 days of the date of this order.

Plaintiff's motion to seal the complaint is granted as to his medical records and denied as to the remainder of the complaint and attached exhibits. The Clerk of Court is respectfully directed to detach those medical records from the complaint, *see* Compl. at 7-10, and file them separately on the docket under seal.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *Coppedge v. U.S.,* 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                                            /s/ Rachel Kovner
                                                                            Rachel P. Kovner
                                                                            United States District Judge

Dated: Brooklyn, New York
       October 25, 2021